HAAS *v.* KLAPATCH.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—RECORD.
   The Supreme Court does not reverse chancery cases which it hears on appeal *de novo*, unless it finds from an examination of the entire record that it would have reached a different conclusion than was reached by the trial court.

2. REFORMATION OF INSTRUMENTS—BURDEN OF PROOF—EVIDENCE.
   Plaintiff, guardian of the estate of his mentally incompetent wife, in suit to reform a deed to include his wife's name as grantee therein along with that of the named grantee, her sister now deceased, which deed had been executed in 1954 and given pursuant to a 1928 land contract of which a copy

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 703.
[2] 45 Am Jur, Reformation of Instruments § 112.

identified the 2 sisters as "tenants by the entirety" *held*, not to have sustained his burden of proof, where wife had not sought any interest in the property for the 7 years after the deed was executed before she was declared incompetent and upkeep and taxes had not been paid for by the wife for last 22 years before deed was executed.

Appeal from Washtenaw; Smith (Richard G.), J., presiding. Submitted April 3, 1963. (Calendar No. 16, Docket No. 49,809.) Decided July 17, 1963.

Bill by Rudolph Haas, special guardian of the estate of Sarah M. Haas, against the estate of Myrtle Pearl Klapatch, deceased, Bernard George Klapatch, individually and as executor, and Bernice Sara Augustine to reform a deed. Bill dismissed. Plaintiff appeals. Affirmed.

*Allan W. Grossman,* for plaintiff.

*Douglas K. Reading,* for defendants.

KAVANAGH, J. Plaintiff, a special guardian, instituted suit in chancery in the Washtenaw county circuit court seeking to reform a warranty deed. The bill of complaint alleged that plaintiff's ward, his wife Sarah, was mistakenly omitted as grantee in the deed. Defendants answered denying that any mistake was made and alleging the deed was properly drawn, and affirmatively alleging the plaintiff was guilty of laches for failure to act for more than 3 years after knowledge the deed conveyed no interest to his ward.

The deed was executed on June 28, 1954, naming Myrtle P. Klapatch, Sarah's sister, now deceased, as sole grantee. The deed contained a clause indicating it was given pursuant to a certain land contract dated March 22, 1928.

On the trial of the cause the original contract was not offered in evidence, but a copy was accepted in evidence over the objections of defendants. This copy identifies the 2 sisters as "tenants by the entirety," but does not appear to have been signed by either sister.

The trial chancellor held that plaintiff had failed to "prove his case by a preponderance of the evidence." The case was thereupon dismissed. Plaintiff appeals.

On appeal, the parties do not agree upon the statement of the questions involved. We conclude they are 2 in number:

(1) Did plaintiff fail to prove by a preponderance of the evidence a contract entitling plaintiff to conveyance of any interest in the subject premises?

(2) Did the trial court err in refusing to reform the provisions of the deed to conform to the provisions of the land contract by adding the name of Sarah M. Haas as grantee thereunder?

While we hear chancery cases on appeal *de novo,* we do not reverse unless we find from an examination of the entire record that we would have reached a different conclusion than was reached by the trial court. *Stacey* v. *Mikolowski,* 367 Mich 550, 556, and cases therein cited. An examination of the record in this case does not lead us to such a conclusion. Plaintiff failed to introduce in evidence the executed original contract between the parties. He failed to show that if such a contract was actually entered into that his ward had an interest in the premises on June 28, 1954, the date of the execution of the warranty deed. Even if we concluded the contract admitted in evidence was an exact copy of the original, the testimony of the special guardian himself indicates there had been a change in circumstances in the relationship of his wife and her sister during the years from 1928 to 1954. He admitted his wife

advised him that the matter of her interest in this house, if any, was none of his business. He admits, with 1 possible exception of a $5 payment, that no portion of the upkeep or taxes had ever been paid by his wife from 1932 to 1954. The record discloses no interest was claimed by Sarah M. Haas from 1932 to 1954. She and her husband moved out of the house in 1932 because they could not get along with her sister and husband. The record does not disclose that Sarah M. Haas attempted to collect any rental from the sister and her husband during all these years.

In 1958 Rudolph Haas knew of the land contract and knew of the delivered and recorded deed in question. He called it to his wife's attention, who again informed him it was none of his business. He did nothing until after the death of Myrtle Pearl Klapatch in 1961 and after his wife had been declared a mentally incompetent person in November of 1961. From 1958 to 1961 his wife, who was presumably competent, knew of the deed and did nothing to indicate any interest in the property or to have the deed corrected.

The inference to be drawn from the action of plaintiff's ward from 1932 to 1961 would indicate she no longer had any interest in the property.

We think the trial judge was correct in his conclusion that plaintiff failed to carry the burden of proof as to the allegations in the bill of complaint.

We affirm the dismissal of the bill by the trial court. Defendants shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.